# UNITED STATES DISTRICT COURT

for the

### Western District of Kentucky
### Paducah Division

| | | |
|---|---|---|
| Lydia Torian | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No.   5:17-cv-75-GNS |
| | ) | |
| First Resolution Investment Corp. | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
|     Corporate Service Center, Inc. | ) | |
|     5605 Riggins Court, Suite 200 | ) | |
|     Reno, NV 89502 | ) | |
| | ) | |
| Unifund CCR, LLC | ) | |
| *Successor in Interest to* | ) | |
| First Resolution Investment Corp. | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
|     Corporation Service Company | ) | |
|     421 West Main Street | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| Unifund CCR Partners | ) | |
| *Successor in Interest to* | ) | |
| First Resolution Investment Corp. | ) | |
| *and Assumed Name for* | ) | |
| Credit Card Receivables Fund, Inc. *and* | ) | |
| ZB Limited Partnership | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
|     Credit Card Receivables Fund, Inc. | ) | |
|     c/o Corporation Service Company | ) | |
|     2711 Centerville Road, Suite 400 | ) | |
|     Wilmington, DE 19808 | ) | |
| | ) | |
|     ZB Limited Partnership | ) | |
|     c/o Corporation Service Company | ) | |
|     2711 Centerville Road, Suite 400 | ) | |
|     Wilmington, DE 19808 | ) | |
| | ) | |
| Fenton & McGarvey Law Firm, P.S.C. | ) | |
| *Defendant* | ) | |
| Serve: | ) | |

Thomas C. Fenton )
401 S. Fourth Street, Suite 1200 )
Louisville, KY 40202 )
                                             )

# COMPLAINT and DEMAND FOR JURY TRIAL

\*     \*     \*     \*     \*

## INTRODUCTION

1.      This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and KRS 360.020.

## JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d). Plaintiff Lydia Torian asks the Court to take supplemental jurisdiction over her related state statutory claim under 28 U.S.C. § 1367.

## PARTIES

3.      Plaintiff, Lydia Torian, is a natural person who resides in Christian County, Ky. Ms. Torian is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.      First Resolution Investment Corp. ("FRIC") is a foreign corporation that is not registered with the Kentucky Secretary of State. FRIC is engaged in the business of purchasing debt from creditors and collecting these debts in this state. FRIC either sold all of its assets to the Unifund Group of companies and/or transferred its assets to the Unifund Group of companies for servicing.[1]

5.      FRIC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

6.      Unifund CCR, LLC is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR, LLC is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund CCR, LLC's principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

7.      Unifund CCR, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

8.      Unifund CCR Partners is a New York general partnership comprising two partners: Credit Card Receivables Fund, Inc. and ZB Limited Partnership.

---

[1] http://www.firstresolution.com (visited October 3, 2016).

9.      Unifund CCR Partners is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR Partners is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund CCR Partners' principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

10.     Unifund CCR Partners is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

11.     Defendant Fenton & McGarvey Law Firm, P.S.C. ("Fenton") is a Kentucky professional services corporation and is engaged in the business of collecting debts on behalf of other legal entities, including FRIC, Unifund CCR, LLC, and Unifund CCR Partners. Fenton's principal place of business is located at 2401 Stanley Gault Parkway, Louisville, KY 40223.

12.     Fenton is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

13.     FRIC is or was a Canadian corporation.

14.     On May 27, 2010, FRIC, by and through attorneys of the law firm of Mapother & Mapother, P.S.C. ("Mapother"), filed suit against Ms. Torian in the Christian District Court of Christian County, Kentucky under Case No. 10-C-00911 (the "State Court Lawsuit"). A true and accurate of the complaint in the State Court Lawsuit is attached as Exhibit "A."

15.     FRIC's complaint in the State Court Lawsuit was an attempt to collect a charged-off credit card originated by Chase Manhattan Bank USA, N.A. ("Chase").

16.     Upon information and belief, the Chase credit card at issue in the State Court Lawsuit was used solely for personal, family, or household purposes, which makes the Chase credit card debt a "debt" within the meaning of the FDCPA.

17.     FRIC's complaint in the State Court Lawsuit avers *inter alia* that Ms. Torian owed FRIC the principal amount of $1,196.99 plus interest at the rate of 21.00% per annum from January 26, 2009.

18.     On August 6, 2010, FRIC moved for default judgment against Ms. Torian in the State Court Lawsuit.

19.     The Christian District Court entered default judgment in FRIC's favor in the State Court Lawsuit on August 10, 2010 (the "Default Judgment").  A true and accurate copy of the Default Judgment is attached as Exhibit "B."

20.      The Default Judgment provides in pertinent part:

BY_____/_____KT____D.C.
## DEFAULT JUDGMENT

    This action coming on to be heard on the plaintiff's complaint, the Defendant, Lydia Torian, was served with a Civil Summons and Complaint in Christian County, KY on May 29, 2010 by constable, it is considered and adjudged that the plaintiff, First Resolution Investment Corp., recover of the defendant Lydia Torian, the sum of $1,196.99 plus interest at the rate of 21.00 % per annum from January 31, 2006 until date of judgment, then 12.00 % per annum thereafter from the date of judgment until paid, and the further sum of $263.34 attorney's fees pursuant to KRS 286.3-750 and it's court costs, for all of which execution may issue forthwith.

Exhibit "B."

21.    While the Default Judgment awards "court costs" to FRIC, no amount of court costs was included or set forth in the amount of the judgment.[2]

22.    Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

23.    The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

---

[2] The copy of the Default Judgment obtained by undersigned counsel for Plaintiff on February 1, 2017 from the clerk of court of the Boyle District Court, filed herewith as Exhibit A, bears a stamped and hand-written endorsement that states "Costs Recoverable as Part of Judgement [*sic*] $170.50". This endorsement was made by the Boyle District Court Clerk on or about January 9, 2017 in response to a Bill of Costs filed on December 31, 2016 by FRIC's counsel in the State Court Lawsuit over six years after entry of judgment. The Clerk of Court's certification on the Bill of Costs states that the endorsement was made on January 9, 2017. See Exhibit D. The endorsement of costs was *not* present on the Boyle District Court's original judgment.

24.     If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

25.     Under Kentucky law, a bill of costs must be filed within a reasonable time after entry of judgment. *Brett v. Media Gen. Operations, Inc.*, 326 S.W.3d 452, 460 (Ky. Ct. App. 2010).

26.     A "reasonable time" to file a Bill of Costs is no more than 30 days after judgment is entered. David V. Kramer and David W. Burleigh, 7 Ky. Practice, *Civil Procedure*, Rule 54.04 (online version accessed March 3, 2017).

27.     Between August 10, 2010 and December 31, 2016, FRIC did not file a bill of costs in the State Court Lawsuit.

28.     Between August 10, 2010 and December 31, 2016, FRIC did not serve a bill of costs on Ms. Spishak related to its costs expended in the State Court Lawsuit.

29.     Between August 10, 2010 and December 31, 2016, the Boyle District Court entered no supplemental judgment in the State Court Lawsuit awarding FRIC costs.

30.     On September 8, 2010, FRIC issued a wage garnishment in an attempt to collect the Default Judgment (the "First Garnishment").

31.     The First Garnishment did not attach any funds belonging to Ms. Torian.

32.     On or about March 19, 2015, the Unifund Group acquired all of FRIC's assets.

33.     Upon information and belief, the Unifund Group acquired the FRIC judgment against Ms. Torian as part of this acquisition.

34.     Upon information and belief, Unifund CCR, LLC and Unifund CCR Partners are affiliated with the Unifund Group.

35.     On July 31, 2015, Defendant Fenton & McGarvey Law Firm, P.S.C. ("Fenton") filed a Notice of Substitution of Counsel in the State Court Lawsuit, substituting for Mapother as counsel for FRIC.

36.     On July 20, 2016, FRIC, by and through Fenton as its counsel, filed a non-wage garnishment in an attempt to collect the Default Judgment (the "Second Garnishment"). A true and accurate copy of the Second Garnishment is attached hereto as Exhibit "C."

37.    The Second Garnishment provides in pertinent part:

| | First Resolution Investment Co rp. | |
|---|---|---|
| **Judgment Creditor:** | | |
| **Judgment Debtor:** | Lydia Torian | SS# ██████ |
| **Garnishee:** | ████████████████████████████ | |
| **Amount Due:** | $2,855.23 | **Date of Judgment:** |
| **Probable Court Costs:** | $20.00 | August 10, 2010 |

Exhibit "C."

38.    Upon information and belief, the "Amount Due" of $2,855.23 includes court costs that neither FRIC, nor Unifund CCR, LLC, nor Unifund CCR Partners, nor Fenton has any legal right to recover from Ms. Torian.

39.    The "Probable Court Costs" of $20.00 consists of statutory fees that are not recoverable court costs under Kentucky law and for which no Bill of Costs was filed.

40.    The Second Garnishment did not attach any funds belonging to Ms. Torian.

41.    On December 31, 2016, over six years after entry of the Default Judgment, FRIC, by and through its counsel Fenton, filed and served a bill of costs in the State Court Lawsuit (the "Bill of Costs"). A copy of the as-filed Bill of Costs is attached as Exhibit "D."

42.    FRIC's Bill of Costs, filed by Fenton over six years after entry of the Default Judgment, was not filed within a reasonable time.

43.    On December 31, 2016, FRIC's failure to file a bill of costs within a reasonable time operated as a waiver of FRIC's claims to recover any sum certain of court costs in the State Court Lawsuit.

44.    On February 10, 2017, FRIC and/or Unifund CCR, LLC and/or Unifund CCR Partners caused a wage garnishment (the "Third Garnishment") to be executed and filed in an attempt to collect the Default Judgment.

45.    A true and accurate copy of the Third Garnishment is attached as Exhibit "E."

46.     The Third Garnishment provides in pertinent part:



| JUDGMENT DEBTOR: | | JUDGMENT CREDITOR: | First Resolution Investment Corp. |
|---|---|---|---|
| | | Amount Due: $ | $2,937.97 plus interest continuing at th rate of 12% until paid in full |
| Lydia Torian | | Probable Court Costs: $ | 20.00 |
| | | Judgment Date: | August 10, 2010 |

Exhibit "E."

47.     Upon information and belief, the "Amount Due" of $2,937.97 includes court costs that neither FRIC, nor Unifund CCR, LLC, nor Unifund CCR Partners, nor Fenton has any legal right to recover from Ms. Torian.

48.     The "Probable Court Costs" of $20.00 consists of statutory fees that are not recoverable court costs under Kentucky law and for which no Bill of Costs was filed.

49.     The legal rate of interest under Kentucky law is 8.00% per annum.

50.     The 21.00% per annum interest rate awarded to FRIC in the Default Judgment is grossly in excess of the legal rate.

51.     The 21.00% per annum interest rate awarded to FRIC in the Default Judgment is usurious under Kentucky law. Consequently, Unifund CCR, LLC and/or Unifund CCR Partners, as FRIC's successor(s) in interest, have forfeited its right to recover *any* interest from Ms. Torian by garnishing her wages at a usurious interest rate:

> The taking, receiving, reserving, or **charging a rate of interest greater than is allowed by KRS 360.010**, when knowingly done, **shall be deemed a forfeiture of the entire interest** which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon.

KRS 360.020 (bolding added).

52.     Further, Ms. Torian has the right to recover twice the usurious interest paid to Unifund CCR, LLC and/or Unifund CCR Partners under the Wage Garnishment:

> In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the creditors taking or receiving the same: provided, that such action is commenced within two (2) years from the time the usurious transaction occurred.

*Id.*

53.     The Default Judgment is no bar to Ms. Torian's cause of action under KRS 360.020. *Sherley v. Trabue*, 85 Ky. 71, 2 S.W. 656, 657 (1887) ("Our conclusion is that the borrower may recover usury paid by him either upon a judgment at law or in equity, and that he may do so by an action at law."). *Accord Courtney v. Dunning*, 201 Ky. 242, 256 S.W. 411, 412 (1923).

54.     The funds taken out of Ms. Torian's pay have caused him great economic hardship.

55.     The Wage Garnishment has also taken a huge emotional and physical toll on Ms. Torian.

56.     FRIC, Unifund CCR, LLC, Unifund CCR Partners, and Fenton violated the FDCPA by taking usurious interest from Ms. Torian, by misrepresenting the amount of the debt in the Second and Third Garnishments, including costs and fees in the amount of court costs listed in the Second and Third Garnishments that are not allowable as court costs, and including a claim for court costs in the Second and Third Garnishments where no timely Bill of Costs was filed in the State Court Lawsuit.

## Claims for Relief

I.     **Claims against First Resolution Investment Corp., Unifund CCR, LLC, Unifund CCR Partners, and Fenton & McGarvey Law Firm, P.S.C.**

A.     **Violations of the FDCPA**

57.     The foregoing acts and omissions of First Resolution Investment Corp. ("FRIC"), Unifund CCR, LLC, Unifund CCR Partners, and Fenton & McGarvey Law Firm, P.S.C. constitute violations of the FDCPA. FRIC, Unifund CCR, LLC, Unifund CCR Partners, and Fenton's violations include, but are not limited to, the following:

a.     Violation of 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the Chase debt;

b.     Violation of 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of the Chase debt in the Wage Garnishment;

c.     Violation of 15 U.S.C. § 1692e(2)(B) by falsely representing the compensation which may be lawfully received by FRIC, Unifund CCR, LLC, and Unifund CCR Partners in the collection of a debt;

d.     Violation of 15 U.S.C. § 1692e(5) by collecting or attempting to collect costs and collection expenses which neither FRIC, nor Unifund CCR, LLC, nor Unifund CCR Partners had a legal right to collect from Ms. Torian, thus taking an action which cannot legally be taken;

e.     Violation of 15 U.S.C. § 1692e(10) by using false representation or deceptive

means to collect or attempt to collect costs and collection expenses from Ms. Torian in the Wage Garnishment;

**f.**   Violation of 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and

**g.**   Violation of 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts of costs and collection expenses which were neither authorized by the agreement creating the Chase debt nor permitted by law.

**B.**   **Violation of KRS 360.020**

58.    First Resolution Investment Corp., Unifund CCR, LLC, Unifund CCR Partners, and Fenton filed a Wage Garnishment and served the same on Ms. Torian's employer that included simple interest accrued at 21.00% per annum.

59.    The 21.00% per annum accrued interest violates the interest permitted by KRS 360.010.

60.    By collecting usurious interest from Ms. Torian, First Resolution Investment Corp., Unifund CCR, LLC, and/or Unifund CCR Partners have forfeited the right to any interest from Ms. Torian under the Default Judgment.

61.    Under KRS 360.020, Ms. Torian has the right to recover twice the usurious interest paid to First Resolution Investment Corp., Unifund CCR, LLC, and/or Unifund CCR Partners under the Wage Garnishment.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Lydia Torian requests that the Court grant him the following relief:

1.    Award Plaintiff actual damages, including but not limited to damages for emotional distress, upset, frustration, and anxiety as the result of the usurious interest paid to Defendants under the Third Garnishment;

2.    Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k against each Defendant;

3.    Award Plaintiff twice the total usurious interest paid to Defendants under the Wage Garnishment pursuant to KRS 360.020.

4.    Award Plaintiff reasonable attorney's fees and costs;

5.    A trial by jury; and

6.      Such other relief as may be just and proper.


                        Respectfully submitted,

                        /s/ James H. Lawson
                        **James R. McKenzie**
                        *James R. McKenzie Attorney, PLLC*
                        115 S. Sherrin Avenue, Suite 4
                        Louisville, KY 40207
                        Tel: (502) 371-2179
                        Fax: (502) 257-7309
                        jmckenzie@jmckenzielaw.com

                        James H. Lawson
                        *Lawson at Law, PLLC*
                        115 S. Sherrin Avenue, Suite 4
                        Louisville, KY 40207
                        Tel:    (502) 473-6525
                        Fax:    (502) 473-6561
                        james@kyconsumerlaw.com